905 F.2d 1531
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mead C. PITTMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2837.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1990.
Decided May 21, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-88-166-5)
 Robert S. Baker, Appalachian Research and Defense Fund, Inc., Beckley, W. Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Victor J. Pane, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, W. Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's finding that the Secretary's denial of social security benefits to Mead C. Pittman was based upon substantial evidence. Appellant still argues that the decision of the Secretary is not supported by substantial evidence, but he also asserts that his mental condition met the requirements of Sec. 12.06 of the Medical Listings, that the Administrative Law Judge should have called a medical expert to testify that the combination of his impairments was equivalent to the Listings, that the Administrative Law Judge improperly discounted the claimant's testimony as to his condition, and that the Administrative Law Judge failed to develop the psychiatric record properly. We find that there is substantial evidence to support the denial of benefits, and we find no merit to appellant's other exceptions. Therefore, we affirm.
 
 
 2
 Mead Pittman filed for social security disability insurance benefits and supplemental security income disability benefits on November 29, 1984. He alleged a disability as of August 1983 due to bleeding hemorrhoids, poor eyesight and problems with his hand, arm and back. He also claims disability from his anxiety and depression combined with borderline mentality, illiteracy and poor personal hygiene. Appellant was 48 years of age at the time of his hearing before the Administrative Law Judge. He had worked as a janitor, a jackhammer operator, a roof bolter, a short period of time in the coal mining industry and as a general laborer in a carpet plant. He sustained an injury to his lower back on August 3, 1979, when a concrete form fell on him. This injury was evidenced by a low back contusion, but without any fracture, dislocation or nerve root impingement. Several months later he returned to work. He was eventually found to have a two percent permanent disability due to his low back problem. He has been examined by numerous physicians. He claims that he cannot return to his work as a janitor, but admits that he performs odd jobs and raises tomatoes, beans, cucumbers and other vegetables in his garden, drives his car, fishes and hunts, keeps bees and fixes televisions as a hobby. The Administrative Law Judge found that he did not suffer any impairment or impairments of such severity as to meet or equal any of the listings of impairments, and that he retained the residual functional capacity to perform a full range of medium work activity involving significant standing, walking, lifting, and carrying objects up to 50 pounds, and that he could perform his past relevant work as a janitor.
 
 
 3
 Initially Pittman did not identify depression or nervousness as disabling factors, and he never consulted a mental health professional for treatment, but he did receive psychological evaluation by a psychologist at the direction of the Secretary. The psychologist found no evidence of a psychotic, neurotic or personality disorder and did not recommend psychiatric or psychological treatment.
 
 
 4
 Pittman was seen by five doctors in connection with his back problem and they found little to support his back claims. He had some diminished grip strength in his right hand, but this would not prevent his employment as a janitor. He had mild pulmonary problems and his vision without correction was 20/40 in the right eye and 20/50 in the left eye. He does not wear glasses. His bleeding hemorrhoids have been a problem for a number of years, but he has taken no steps to correct the situation by diet or medical treatment. A vocational expert testified that the claimant's past work as a janitor was considered "medium" and that he could still perform this work.
 
 
 5
 The Social Security Act limits judicial review of the Secretary's final decision, and we must affirm the Secretary's decision if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is defined as less than a preponderance and more than a scintilla, such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Pierce v. Underwood, 587 U.S. 552 (1988). There is substantial evidence to support the Secretary's decision in the present case.
 
 
 6
 Pittman does not have a disabling mental condition that meets the requirement of Listing 12.06 and his nervousness, anxiety, low I.Q. and functional illiteracy have not reduced his functional ability to the extent described in the Listings.
 
 
 7
 A medical advisor was not required to determine whether claimant's combination of impairments was equivalent to one of the Medical Listings. This issue was raised for the first time before the district court. This claim should have been raised before the Administrative Law Judge. However, even though the claim is untimely, our review of the record does not indicate the necessity of a medical advisor. The Secretary ordered a psychological evaluation of the claimant and this produced no findings to support appellant's claim.
 
 
 8
 The Secretary is the finder of fact and has the responsibility of deciding whether a claimant's self-serving testimony is supported by other evidence in the record. Pittman's testimony was contradictory and was not supported by other evidence.
 
 
 9
 There is substantial evidence to support the finding that he has the ability to perform his past relevant work as a janitor.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 11
 AFFIRMED.